UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY WARDELL WILLIAMS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>BRIAN DUFFY,<br><br>　　　　　Respondent. | No. 2:14-cv-0557 CKD P<br><br><br>ORDER and FINDINGS &<br>RECOMMENDATIONS |

　　　　Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

　　　　Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

　　　　Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief.

　　　　Petitioner challenges the Superior Court of Sacramento County's denial of his "petition for recall of sentence" brought pursuant to California Penal Code § 1170.126. That statue, created by referendum in 2012, allows certain prisoners convicted under California's "Three

/////

1

Strikes Law" to obtain a reduction in sentence if certain requirements are met. There are two problems with the petition before the court.

First, petitioner fails to point to anything suggesting the Superior Court of Sacramento County denied petitioner any right arising under federal law by denying his "petition for recall of sentence." Because an application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States, 28 U.S.C. § 2254(a), petitioner has not stated any valid ground for relief.[1]

Second, petitioner has not exhausted state court remedies. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971). Petitioner has not challenged the denial of his "petition for recall of sentence" in the California Supreme Court.

For these reasons, petitioner cannot obtain relief in this court and his application for writ of habeas corpus should be summarily dismissed.

Finally, petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel.

/////
/////
/////
/////

---

[1] Petitioner references federal rights by using the terms "insufficient evidence," "equal protection," "cruel and unusual punishment" and "double jeopardy" in his petition. However, he fails to put forth a coherent argument suggesting any federal right was violated during proceedings concerning his "petition for recall of sentence."

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (ECF No. 2) is granted;

2. Petitioner's motion for the appointment of counsel is denied; and

3. The Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be summarily dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 7, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
will0557.114